IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHN WILLIE REED, JR.                                                          PETITIONER

VS.                            CASE NO. 5:13CV00324 KGB/HDY

RAY HOBBS, Director of the
Arkansas Department of Correction                                    RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of John Willie Reed, Jr., who is currently in the custody of the Arkansas Department of Correction (ADC). On July 24, 2013, Mr. Reed entered a guilty plea to the charge of rape. He was sentenced in the Crittenden County Circuit Court to 120 months' imprisonment, with an additional 120 months suspended. Mr. Reed sought post conviction relief pursuant to Rule 37 in state court, filing the petition on August 29, 2013. In September of 2013, Mr. Reed filed a motion with the trial court seeking dismissal for failing to receive a timely trial. The Rule 37 petition of Mr. Reed remains pending in state court. See Page 6 of Habeas Corpus Petition.

Mr. Reed now advances the following claims for habeas corpus relief:

1. He was denied a speedy trial; and

2. He was denied the effective assistance of counsel.

Respondent contends that this petition should be dismissed due to the failure of the petitioner to first exhaust available state remedies. Questions of available state remedies require this Court to look to the provisions of 28 U.S.C. § 2254(b) and (c). These subsections codify the doctrine of comity by requiring the exhaustion of state remedies prior to bringing federal habeas corpus claims. *Lenza v. Wyrick*, 665 F.2d 804 (8th Cir. l98l). This exhaustion requirement is necessary in order to afford the state courts the opportunity to correct any constitutional errors before federal courts intervene. *Id*. However, this requirement will not be construed so as to require the filing of

repetitious or futile applications for relief in state court. *Powell v. Wyrick*, 62l F.2d 92l, 923 (8th Cir. l980). In addition, a federal court should defer action only "if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him." *Powell v. Wyrick*, 657 F.2d at 224. Consequently, we must determine whether the petitioner has an available state remedy.

In this instance, the petitioner himself concedes that he has not exhausted his state court remedies, as he is awaiting a ruling on his Rule 37 petition filed in August of 2013. As a result, we recommend the petition be dismissed without prejudice to allow the petitioner to complete his pursuit of relief in state court.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __6__ day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE